UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLUWAROTIMI JULIUS ERUKILEDE,<br>Plaintiffs,<br>v.<br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,<br>Defendants. | No. 2:25-cv-02063-DJC-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). The Court now recommends that this action be dismissed as moot.

**I. Background and Procedural History**

Plaintiff instituted this action on July 24, 2025, by filing a petition for writ of mandamus ("Petition") and motion to proceed in forma pauperis. ECF Nos. 1-2. The Petition named as Defendants the United States Citizenship and Immigration Services ("USCIS"), the director of USCIS, the director of the USCIS National Benefit Center, the Secretary of Homeland Security, and the U.S. Attorney General. ECF No. 1 at 1-2. Plaintiff claimed that he filed a Form I-485 seeking adjustment of status to lawful permanent resident under the EB-3 unskilled worker category in September 2021. *Id.* at ¶ 9. He alleged that in April 2022, his application was transferred to the USCIS National Benefits Center for faster processing, but was in "case remains

pending" status for over three years. *Id.* at ¶ 11. Plaintiff claimed he had completed all prerequisites for adjudication and followed up multiple times regarding the status. *Id.* at ¶¶ 14-15. Plaintiff sought a writ of mandamus compelling Defendants to adjudicate his application without further delay. *Id.* at ¶ 25.

On August 4, 2025, the Court granted the motion to proceed in forma pauperis and directed service of the Petition. ECF No. 3. After being granted an extension of time to answer, Defendants filed a motion to dismiss on April 13, 2026. ECF No. 26. Plaintiff opposed the motion. ECF No. 29. The Defendants' reply brief noted that the agency had issued a Notice of Intent to Deny and that Plaintiff had until May 11, 2026 to respond. ECF No. 30.

The motion to dismiss was set for hearing on July 9, 2026. On June 30, 2026, Defendants filed a Status Report informing the Court that as of June 30, 2026, the agency had completed its adjudication of Plaintiff's application. On that basis, Defendants contend that this matter is now moot. Defendants requested the Court convert the motion to dismiss hearing to a status conference, which the Court did. ECF No. 33. Plaintiff did not appear at the hearing/status conference on July 9, 2026. ECF No. 34. The Court issued an OSC directing Plaintiff to show cause why the action should not be dismissed as moot. ECF No. 35. The OSC further provided: "If Plaintiff fails to respond to this Order, the Court will recommend dismissal of the action." ECF No. 35 at 3. The deadline for responding to the OSC was July 24, 2026.

On July 27, 2026, Plaintiff filed a status report confirming that USCIS adjudicated the Form I-485 on June 20, 2026. ECF No. 36. While not formally addressing mootness, Plaintiff stated, "the relief originally sought in this case has been substantially addressed" and noted that Plaintiff's evaluation of "available administrative and legal remedies relating to USCIS's decision … are separate from the issue of agency delay that formed the basis of this action." *Id.* "Plaintiff anticipates filing an appropriate request regarding the disposition of this action after consultation with the Defendants, if necessary." *Id.*

## II. Mootness

Plaintiff's Petition sought to compel adjudication of his I-485 application. ECF No. 1 at ¶ 25. Defendants represented in their status report (ECF No. 32) and at the July 9, 2026 hearing

that the application was adjudicated. Plaintiff's status report confirms that the I-485 was adjudicated. ECF No. 36 at ¶ 2. Plaintiff states that USCIS has "taken final agency action on the application that was the subject of the mandamus action[.]" *Id*. at ¶ 3. Accordingly, Plaintiff has obtained the relief sought in the Petition, and that the action is moot. *See Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011) ("[I]f events subsequent to the filing of the case resolve the parties' dispute, we must dismiss the case as moot, because we do not have the constitutional authority to decide moot cases.") (citation and quotation omitted); *see also Aldarwich v. Hazuda*, 593 F.App'x 654, 655 (9th Cir. 2015) ("To the extent that Aldarwich's complaint sought to compel the United States Citizenship and Immigration Services ("USCIS") to adjudicate his application for adjustment of status and to declare that he was not inadmissible, that claim became moot when the USCIS denied the application during the district court proceedings.").

Accordingly**, IT IS HEREBY RECOMMENDED** that:

1. This action be dismissed as moot; and
2. The Clerk of the Court be directed to enter Judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, either party may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 2, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE